GERARD A. AND SALLY A. CASSINO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cassino v. Commissioner
Docket No. 25287-91
United States Tax Court
T.C. Memo 1994-65; 1994 Tax Ct. Memo LEXIS 67; 67 T.C.M. (CCH) 2193; 66 Fair Empl. Prac. Cas. (BNA) 1337; February 22, 1994, Filed *67 Decision will be entered under Rule 155. Gerard A. Cassino, pro se. For respondent: Michelle K. Loesch. PARR
PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined deficiencies in petitioners' Federal income tax of $ 11,147 and $ 161,640 for the years 1988 and 1989, respectively. After concessions, the sole issue for decision is whether petitioners are entitled to exclude from their gross income under section 104(a)(2)[1] the payments petitioner Gerard A. Cassino received in settlement of his suit for age discrimination under the Age Discrimination in Employment Act of 1967, as amended (hereinafter ADEA), Pub. L. 90-202, 81 Stat. 602 (current version at 29 U.S.C. secs. 621-634). We hold that such payments are excludable. FINDINGS OF FACT The stipulation *68 of facts and attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioners resided in Tacoma, Washington. Petitioners are married and filed joint income tax returns for the years at issue. Unless otherwise indicated, references to petitioner in the singular are to Gerard A. Cassino. Petitioner was employed as personnel manager by Reichhold Chemicals, Inc. (hereinafter the Corporation), until June 1983, when he was discharged along with 15 other people. Petitioner then brought suit against his former employer in a Federal District Court, alleging that certain actions of the Corporation constituted willful violations of ADEA. A jury found that the Corporation had violated ADEA in regard to petitioner. See Cassino v. Reichhold Chemicals, Inc., 817 F.2d 1338 (9th Cir. 1987). The first District Court jury awarded petitioner $ 492,000 for back wages, front wages, liquidated damages, and State law damages. The judgment entered on that verdict was reversed by the Ninth Circuit Court of Appeals and remanded for another trial. On remand, the second District Court jury awarded petitioner $ 632,208 for back *69 wages, liquidated damages, and State law damages. After modifications by the District Court judge, and negotiations with the Corporation for attorney's fees, petitioner's ADEA claim was settled for $ 848,612.74. The amounts paid by the Corporation to or on behalf of petitioner, in various installments, totaled $ 588,960.77 and $ 259,651.97 in 1988 and 1989, respectively. [2] Petitioners excluded from their 1988 and 1989 gross income, all of the ADEA settlement payments actually and constructively received, [3] including the portion allocable to attorney's fees. On October 9, 1991, respondent issued a statutory notice of deficiency to petitioners. In the notice, respondent asserted deficiencies in petitioners' 1988 and 1989 Federal income tax based on their failure to include the ADEA settlement payments in their gross income. *70 OPINION Respondent asserts that the United States Supreme Court decision in United States v. Burke, 504 U.S.    , 112 S.Ct. 1867 (1992), supports the proposition that ADEA awards and settlements are taxable. In Burke, the Supreme Court held that a payment received in award or settlement of a claim under title VII of the Civil Rights Act of 1964 was not excludable from the recipient's gross income under section 104(a)(2) because the limited range of remedies available under title VII could not be said to redress a tortlike personal injury. Respondent contends that petitioner's ADEA settlement, like a title VII award or settlement, is taxable due to what respondent claims are a limited range of remedies available under ADEA. Petitioner argues that the entire ADEA settlement was compensation for a tortlike claim for personal injury and thus is exempt from taxation under section 104(a)(2). A taxpayer's gross income is defined as all income from whatever source derived, unless there is a specific exclusion in the Internal Revenue Code (hereinafter the Code). Sec. 61. One specific exception contained in the Code is section 104(a)(2) which excludes *71 "damages received * * * on account of personal injuries or sickness." The term "damages received" refers to payments received through prosecution or threat of prosecution of a legal action based on tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution. Sec. 1.104-1(c), Income Tax Regs.
In a recent opinion, Downey v. Commissioner, 97 T.C. 150 (1991) (hereinafter Downey I), this Court held that all sums received by the taxpayers in settlement of their claim under the ADEA were excludable under section 104(a)(2). Downey I was reconsidered by this Court in Downey v. Commissioner, 100 T.C. 634 (1993) (hereinafter Downey II), at the request of respondent, who asked this Court to review Downey I in light of the Supreme Court's decision in United States v. Burke, supra. In Downey II, we reaffirmed Downey I -- that all funds received by the taxpayers due to the ADEA settlement were excluded from their gross income by section 104(a)(2). In the instant case, the settlement was paid to petitioner on account of his claim against the Corporation *72 for violations of ADEA. For this reason, the settlement payments are excluded from his gross income under section 104(a)(2). Downey II, supra. Furthermore, the portion of the payments allocable to petitioner's legal expenses would not be includable in his gross income nor deductible by him. See Fite v. Commissioner, T.C. Memo. 1993-594. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. Within the amounts paid to petitioner were $ 23,837 in interest. Petitioner properly reported this interest on his 1989 Federal income tax return.↩
3. Other than the interest received.↩